UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEA TURNER,

    Plaintiff,

vs.

MERCEDES-BENZ USA LLC,

    Defendants.

Case No. 3:24-cv-167

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT (Doc. No. 15); AND (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 13)**

---

*Pro se* Plaintiff Renea Turner filed this lawsuit on June 5, 2024 seeking damages for breach of warranty, product liability, and breach of duty against Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz").[1]  Doc. No. 1 at PageID 3-5.  Plaintiff filed the case after a car accident involving her Mercedes-Benz vehicle in January 2018.  *Id.* at PageID 2.  She seeks $180,000 in damages.  *Id.* at PageID 4-5, 10.

The case is before the Court on Plaintiff's motion for default judgment (Doc. No. 13), Mercedes-Benz's memorandum in opposition (Doc. No. 18), and Mercedes-Benz's motion to set aside default judgment (Doc. No. 15), to which Plaintiff did not reply.  For the reasons that follow, the Court **DENIES** Plaintiff's motion for default judgment and **GRANTS** Mercedes-Benz's motion to set aside judgment.

---

[1] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in her favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

**I. BACKGROUND**

Previously, on June 7, 2024, the Court of Clerk's Office issued Mercedes-Benz a Summons and a copy of the Complaint via certified mail. Doc. No. 5. The Summons and Complaint were returned executed on June 24, 2024, which required Mercedes-Benz's to answer or otherwise respond by July 1, 2024. Doc. No. 8.

After Mercedes-Benz did not answer nor otherwise respond, Plaintiff filed an application to the Clerk for entry of default judgment on July 2, 2024 — one day after the answer due date. Doc. No. 11. The Clerk entered default judgment pursuant to Fed. R. Civ. P. 55(a). Doc. No. 12. The next day, Turner filed a motion for default judgment to enforce the Clerk of Court's entry of default. Doc. No. 13.

On July 8 (six days after the Clerk's entry of default), Mercedes-Benz filed a motion to set aside default and a motion to dismiss. Doc. Nos. 15, 16. Plaintiff did not respond to Mercedes-Benz's motion to set aside default. The matter is now ripe.

**II. ANALYSIS**

Fed. R. Civ. P. 55 provides a two-step process for a party to obtain a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the party must apply to either the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b). Plaintiff has completed both steps. *See* Doc. No. 11; Doc. No. 13.

Fed. R. Civ. P. 55 also provides that the "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). When a party seeks relief from an entry of default judgment, the Court must consider "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). "All three factors must be considered in ruling on a motion to set aside entry

2

of default." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986). "[A]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (quoting *United Coin Meter Co.*, 705 F.2d at 846) (internal quotations omitted).

### A. Willful Default

First, the Court analyzes the willfulness factor as a culpability factor. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (internal quotation and citation omitted). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Id.* (internal quotation and citation omitted).

Mercedes-Benz argues that it had no intent to thwart these proceedings, but instead, Mercedes-Benz accidentally listed Plaintiff's 2024 Complaint as "closed" because Plaintiff has filed multiple prior lawsuits on the same issue.[2] Doc. 15-1 at PageID 129; Doc. No. 15-10 at PageID 169. On July 3, 2024, Mercedes-Benz discovered the error and immediately engaged outside counsel to address the issue. Doc. 15-1 at PageID 129; Doc. No. 15-10 at PageID 169. Mercedes-Benz's quick action to retain counsel, moving to set aside the entry of default, and moving to dismiss the claims against the company support its argument and weighs in favor of finding for Mercedes-Benz. Doc. No. 15; *see also* Doc. No. 16 (Mercedes-Benz's motion to dismiss).

---

[2] Plaintiff has filed and voluntarily dismissed two prior cases with the same claim in this Court. *See Turner v. Mercedes-Benz USA, LLC*, 3:23-cv-117, Doc. No. 7 (S.D. Ohio June 5, 2023); *Turner v. Mercedes-Benz USA, LLC*, 3:22-cv-14, Doc. No. 11 (S.D. Ohio April 19, 2022).

### B. Prejudice to Plaintiff

Turning to the next factor, to satisfy the prejudice to plaintiff element, a plaintiff must show prejudice beyond "[m]ere delay." *United Coin Meter Co.*, 705 F.2d at 845. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks omitted). Though only persuasive, this Court has found that a plaintiff will not be prejudiced when a case is still in the early stages. *See JobsOhio v. Emkey Energy, LLC*, No. 2:21-CV-3680, 2022 WL 620627, at *3 (S.D. Ohio Mar. 3, 2022) (granting motion to set aside default judgment when defendant filed his answer two weeks late); *Safelite Grp., Inc. v. Lockridge*, No. 2:21-CV-4558, 2022 WL 123877, at *2 (S.D. Ohio Jan. 13, 2022) (granting motion to set aside default judgment when the case was only four months old).

The Court does not find prejudice to Plaintiff here because the case is still in the early stages, and Mercedes-Benz filed its motion to dismiss seven days after the due date, with no indication of prejudice beyond "[m]ere delay." *United Coin Meter Co.*, 705 F.2d at 845; *see* Doc. No. 16.

### C. Meritorious Defenses

Finally, the Court considers whether Mercedes-Benz has a meritorious defense to Plaintiff's claims. A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). In other words, if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006) (internal quotation and citation omitted) (emphasis in original).

Mercedes-Benz has filed a motion to dismiss arguing *res judicata*, which in the instant case, is "good at law" such as to constitute a meritorious defense. *See* Doc. No. 16. This is sufficient for purposes of Fed. R. Civ. P. 55(c).

### III. CONCLUSION

For the above reasons and given the Court's strong preference for adjudication of cases on the merits, setting aside the entry of default and denying Plaintiff's motion for default judgment are warranted. Accordingly, the Court **GRANTS** Defendant's motion to set aside the default (Doc. No. 15) and **DENIES** Plaintiff's motion for default judgment (Doc. No. 13).

**IT IS SO ORDERED.**

October 10, 2024                                    s/*Michael J. Newman*
                                                                              Hon. Michael J. Newman
                                                                              United States District Judge