UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEA TURNER,

    Plaintiff,

vs.

MERCEDES-BENZ USA, LLC,

    Defendant.

Case No. 3:24-cv-167

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO DISMISS (Doc. No. 16); (2) DISMISSING PLAINTIFF'S *PRO SE* COMPLAINT WITH PREJUDICE (Doc. No. 1); (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 24) AND DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO STAY (Doc. No. 27); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Renea Turner was involved in a serious automobile collision on January 22, 2018 while she driving a car manufactured by Defendant Mercedes-Benz USA, LLC ("MBUSA"). Doc. No. 1. She brings this case *pro se* alleging breach of expressed [sic] warranty, breach of warranty, product liability, and breach of duty. *Id.*

This civil case appears before the Court on MBUSA's Fed. R. Civ. P. 12(b)(6) motion to dismiss, which alleges that *res judicata* bars Plaintiff's claims. Doc. No. 16. Turner filed an opposition memorandum, and MBUSA replied. Doc. Nos. 22, 26. The motion to dismiss is now ripe for review.

**I.**

Turner has filed a total of four cases related to the January 22, 2018 automobile collision.[1]

---

[1] The Court takes judicial notice of this fact, and those that follow, *infra*, § I, as they constitute matters of public record. *See Howev Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ("[T]he court

She first filed her complaint on January 21, 2020 through counsel in the Common Pleas Court of Clark County, Ohio against MBUSA alleging automobile defects and personal injury from an automobile collision on January 22, 2018. Doc. No. 16-2. On January 21, 2021, Turner voluntarily dismissed the 2020 complaint. Doc. No. 16-3.

Turner then turned to this Court to file her second *pro se* complaint against MBUSA on January 14, 2022 in which she raised the same claims as the 2020 complaint. Doc. No. 16-4. On April 19, 2022, Turner voluntarily dismissed the second case pursuant to Fed. R. Civ. P. 41(a)(1). Doc. No. 16-5.

On April 19, 2023, Turner filed *pro se* her third complaint against MBUSA alleging the same claims. Doc. No. 16-6. She voluntarily dismissed this third pleading on June 5, 2023. Doc. No. 16-7.

Finally, Turner filed the instant case with her fourth *pro se* complaint against MBUSA alleging the same claims on June 5, 2024. Doc. No. 1. MBUSA now contends that Turner's voluntary dismissal of her second complaint (the 2022 complaint) operates as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(a)(1)(B), and her present 2024 complaint is a subsequent action between the parties; she could have, and should have, litigated her current claims in the 2022 complaint; and the 2022 and 2024 complaints consist of claims that arise out of the same operative facts—the 2018 automobile collision. *Id.*

## II.

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

---

may, in undertaking a 12(b)(6) analysis, take judicial notice of matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint") (cleaned up).

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).  However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III.

Under the Sixth Circuit's articulation of *res judicata*:

> [A] claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

3

Having carefully reviewed the complaint in this matter and considered all the *res judicata* factors, it is clear and beyond dispute that Turner's claims have been previously litigated between the parties or could have been litigated between them.  *See, e.g.*, *Turner v. Mercedes-Benz USA, LLC, et al.*, Clark C.P., No. 20-cv-036 (January 14, 2021); *Turner v. Mercedes-Benz USA, LLC*, No. 3:22-cv-14 (S.D. Ohio Jan. 14, 2022); *Turner v. Mercedes-Benz USA, LLC*, No. 3:23-cv-117 (S.D. Ohio June 5, 2023).  Thus, the current claims are subject to dismissal on *res judicata* and/or collateral estoppel grounds.  *See Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted) (defining "*res judicata*" as the principle that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action"); Fed. R. Civ. P. 41(a)(1)(B) ("if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits"); *Arias v. Napolitano*, 599 Fed. App'x 242, 242-43 (6th Cir. 2015) (per curiam) (affirming district court's dismissal under *res judicata* pursuant to Fed. R. Civ. P. 41(a)(1)(B) when plaintiff had voluntarily dismissed twice in federal court actions); Demsey *v. Demsey*, 488 Fed. App'x 1, 3 (6th Cir. 2012) (affirming district court's dismissal under *res judicata* from a state court voluntary dismissal).

### IV.

Accordingly, MBUSA's motion to dismiss (Doc. No. 16) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.  All other pending motions (Doc. Nos. 24, 27) are **DENIED AS MOOT**.  This matter is **TERMINATED ON THE DOCKET.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by *pro se* Plaintiff would be frivolous and not taken in good faith.  *Coppedge v. United States,* 369 U.S. 438, 443-44 (1962).  Consequently,

Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.

      **IT IS SO ORDERED.**

November 18, 2024                          s/*Michael J. Newman*
                                                Hon. Michael J. Newman
                                                United States District Judge